IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALMA A. SAUL,

    Plaintiff,

v.                                     No. 1:24-cv-00636-KWR-LF

MTGLQ INVESTORS, L.P.,
NATIONSTAR MORTGAGE LLC and
U.S. BANK NATIONAL ASSOCIATION,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, asserted claims for fraud and tortious interference alleging that Defendants "intentionally misrepresented, falsely pretensed [sic], and inflated payoff charges" and are "persisting with" four foreclosure/eviction cases in state court. Civil Complaint for Fraud at 4-5, Doc. 1, filed June 20, 2024 ("Complaint"). Plaintiff asserted fraud claims pursuant to 18 U.S.C. § 1341, Frauds and swindles, which states in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1341 (portion quoted by Plaintiff in Complaint at 3).

United States Magistrate Judge Laura Fashing notified Plaintiff:

"[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Plaintiff states:

> Plaintiff claims the right to private cause of action, with a "judicially cognizable interest in the prosecution of another".

> While the Supreme Court may have been "reluctant" to infer private right of action for a criminal prohibition alone; the Court did not absolutely "prohibit" a private right of action in every single case.
>
> Complaint at 3. Although Plaintiff "claims the right to private cause of action," she has not cited any legal authority which provides for a private civil cause of action in this case pursuant to 18 U.S.C. § 1341.

Order to Show Cause at 2, Doc. 4, filed June 24, 2024. Judge Fashing ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims pursuant to 18 U.S.C. § 1341 and to file an amended complaint. *See* Order to Show Cause at 4.

Plaintiff filed a single document in response to Judge Fashing's Order. *See* Plaintiff's Response to Order to Show Cause and Amended Civil Complaint for Fraud, Doc. 5, 2024 ("Response and Amended Complaint"). Plaintiff asserts claims for civil fraud and for tortious interference. *See* Response and Amended Complaint at 4-5. It appears Plaintiff is not asserting claims pursuant to 18 U.S.C. § 1341 because Plaintiff states: "[The Court should '*dismiss the claims to right of private action which Plaintiff (Ms. Alma Saul) makes under 18 U.S.C. § 1341*'.]" Response and Amended Complaint at 5, ¶ 15 (brackets and emphasis in original). The Amended Complaint does not assert claims pursuant to any other federal law and does not assert the Court has diversity jurisdiction.

With no federal law claims remaining in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state

claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DIMISSED without prejudice.**

        /S/ KEA W. RIGGS       
**UNITED STATES DISTRICT JUDGE**